## HESSE, NEWMAN, & COMPANY

*v.*

## G. LEDESMA Y CIA. ET AL.

---

San Juan, Equity, No. 951.

### DISCHARGING A RECEIVERSHIP.

Receivership—How Long in Court.

    1. A case is in court absolutely for all purposes until it is taken out of court by a judgment or decree. This may be upon a motion to dismiss the bill or other proper pleading, but until dismissed and costs and expenses are paid, the receivership property will be kept in court.

Local Court—Foreclosure of Mortgage.

    2. Where the Federal court has taken jurisdiction of property in the custody of the local marshal, it will in a proper case direct the marshal to proceed, although it may retain jurisdiction of the property for the purposes of adjusting costs and expenses.

Receivership—Object.

    3. The object of the receivership is not to aid or to injure any party, but to keep the property intact until the determination of the right of the case. It will not, even on final decree, release the property until payment or securing of costs and expenses.

Opinion filed March 23, 1915.

*Mr. Jorge Dominguez* for complainant.

*Mr. H. G. Molina* for Westphaling & Company.

*Mr. Charles Hartzell* for defendant.

HAMILTON, Judge, delivered the following opinion:

Here is a motion made by defendant G. Ledesma y Cia., not verified, but reciting certain facts, asking that, as more than ten days have elapsed since the entry of the decision of this court and no amended bill has been filed, the court close up said receivership without delay, discharging the said receiver and dismissing the cause. The motion is not in terms one to dismiss the bill. It is to discharge the receiver and incidentally dismiss the cause. The question comes up, What should be the action of the court upon this, the petition not being supported by any verification? What has been said in argument, of course, the court is glad to hear, but there are no facts before the court, no evidence or anything, except simply the record.

1. In the first place, as to the jurisdiction of this court as the matter stands at present, the court does not think that its jurisdicion is at an end. So far as the court knows, some parties may take the case higher, but whether that is so or not, a case is in court absolutely, for all purposes, until it is taken out of court, and that can only be done by a judgment or decree of some sort. In this case it would be a decree or an order of dismissal. Until that is entered, no matter what the views of the court are as to what it will do, the case is in court for all purposes. I think this must be held to be the situation at pres-

Hesse, Newman & Co. v. Ledesma & Co.

ent. That being so, under the previous opinion of this court, a.
motion to dismiss the bill will be entertained. The complain-
ant not having amended the bill, and the court having decided.
that the bill as it stands is without equity, a motion to dismiss.
will be proper. In fact I think I can go further and treat this.
motion as practically one to dismiss te bill. That is not its
exact wording, but it seems to be its intention,—winding up·
everything that is in court and dismissing the cause. I will
take this, then, as a motion to dismiss, based upon the previous
order showing what the opinion of the court was in the matter.
That is before the court, then. What should be done about it?
The motion must at some time be granted, either now or at
some other time. The court has already decided that. Shall
the court grant the motion at once, that is, take the .matter un-
der submission and receive authorities, or shall it keep the prop-
erty in court, shall it maintain the receivership for the present?
This is the exact question before the court.

2. The next thing to be considered is, supposing that the·
motion is granted at present, What is the effect upon the prop-
erty in the custody of the court? Whether it was a bill con-
taining equity or not, the court took jurisdiction of it, and
until it dismisses the bill has jurisdiction of the property
through its receiver. What is the effect of that upon the local
proceeding to foreclose by a sale? The law seems to be that
the local marshal, theoretically at least, takes possession of the·
property and sells it under the order of the local court, and
under the order of the court turns over the possession to the·
purchaser. Now in point of fact this court has interfered with·
that. The marshal certainly has not possession of the property·
at present; this court has through its receiver. Shall the court.

release its hold so as to enable the proceeding, which is for the
time being enjoined, to continue in a lawful manner, or shall it
maintain its hold, for its own purposes?   As to that, in the
first place, this seems clear, that this court should and does
authorize the local marshal to proceed in all respects accord-
ing to law.   That is to say, it does not pretend, of course, to
authorize in the sense of giving him any rights which the law
does not give him, but this court does hold and does declare
that, whatever its decision on this motion would be, this is not
to interfere with the proceeding of the marshal in carrying out
his duties under the law.   For instance, if the court should de-
termine to hold possession for the time being, the marshal is
proceeding simply subject to that one condition.   Otherwise
the property is to be considered as subject to the jurisdiction of
the local court in every respect.

3. In the next place, it is claimed on the one side that this
court must release entirely because there is a controversy as to
canes, and dismissal will enable one party to take what steps he
thinks proper under his view of his rights to the cane.   It is
said on the other side that the court should keep possession un-
til the day before the sale, so as to prevent that very thing, the
determination of the right to the possession of the cane by one
party.   As to that I think the proper rule would be this: Apart
from the fact there are no facts before this court relative to
that one way or the other, if those facts were properly in evi-
dence, the court could probably not proceed on them.   The ob-
ject of a receivership is not to aid or to injure any party.   It
is to keep the property intact until the determination of the
case, and that is, as stated above, when there is a final decision;
but there is this that occurs to me.   In the Vannina Case [ante,

Hesse, Newman & Co. v. Ledesma & Co.

some time ago the point was raised that this court had no jurisdiction in equity under the facts of the case. It had two receivers, but the point was raised that the court had no constitutional right, and was not for the purposes of that case a court of equity. This court did not agree with that view of it, but did go on to say that even if that was so, the court had come into possession of certain property, whether rightly or wrongly, and it was as a court in possession of that property for all purposes until the case was dismissed, and it would maintain its possession accordingly. I think the same principle applies here. Until everything connected with this case is at an end or provided for in some other way, this court ought to hold possession. The court has no right to take possession of property, put in a receiver, and incur expenses connected with the receivership, and then let go of everything out of which the expenses of the receivership could be paid. It would be acting the part of King Lear, turning over everything to somebody else, and just living on charity. A court cannot do that way. A receivership must be respected until it is wound up, or until a bond or something of the sort is given to cover the expenses that have been incurred.

So it seems to the court that it must refuse this motion so far as it is a motion to dismiss the bill, but the motion is granted to the extent that the receiver is directed to file as soon as practicable an account current or a written statement of his proceedings as receiver, and report upon the condition of the property as he found it, and as it is now, with a view to winding up this receivership at the earliest date possible, and that just as soon as that is done and the expenses are provided for, the case will be dismissed. It may be dismissed sooner than that if a bond

Hesse, Newman & Co. v. Ledesma & Co.

or any way of getting at the payment of the costs of the receivership shall be provided for in the meantime. It seems to me that I cannot do anything more than this. The case is in court and everything connected with the receivership must be wound up or provided for before it can get out of court, but, subject to that condition, the court has no wish to hold possession of the property at all, and will recognize any sale or the action of the local marshal.